IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ONA C. ALLEN,                                3:12-CV-00402-ST

      Plaintiff,                       ORDER

v.

NORTHWEST PERMANENTE, P.C.
an Oregon corporation,

      Defendant.


**BROWN, Judge.**

    Magistrate Judge Janice M. Stewart issued Findings and Recommendation (#58) on January 2, 2013, in which she recommends the Court grant Defendant's Motion (#39) for Summary Judgment and enter a judgment in favor of Defendant in this matter. Plaintiff and Defendant filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

## I. Defendant's Objection

Although Defendant does not object to the Magistrate Judge's ultimate recommendation that the Court grant Defendant's Motion for Summary Judgment, Defendant requests the Court make two corrections to ensure the record accurately reflects the undisputed facts. In her consideration of Defendant's Motion, the Magistrate Judge states the following:

1. Defendant, through its Credentials Committee, recommends and monitors the credentialing of healthcare professionals employed by the Health Plan.
2. Kaiser Foundation Health Plan of the Northwest delegated the credentialing process to Defendant.

The record, however, establishes the following relevant facts are undisputed:

1. The Credentials Committee was formally known as the Kaiser Permanente Northwest Credentials Committee.
2. Pursuant to the Credentialing Policies and Procedures, Kaiser Foundation Health Plan of the Northwest is

>     accountable for the credentialing and re-credentialing
>     of its employee practitioners.  Health Plan assigns
>     that responsibility to the Credentials Committee.  The
>     Credentials Committee reviews credentials of each
>     applicant and recommends the scope of credentials/
>     privileges.

Accordingly, Defendant seeks to ensure that the Court finds (1) Defendant does not recommend and/or monitor the credentialing of Kaiser Foundation Health Plan of the Northwest employees; (2) Health Plan rather than Defendant is accountable for the credentialing of its employee practitioners; (3) Health Plan did not delegate the credentialing process to Defendant, but instead assigned its responsibility for credentialing Health Plan employees to the Credentials Committee; and (4) the Credentials Committee is not Defendant's Credentials Committee, rather it is an entity that may act on behalf of Health Plan, Kaiser Foundation Hospitals, or Defendant.

Although the above facts do not alter the resolution of the Motion before this Court, the Court finds the facts as Defendant has set them out to be undisputed and, therefore, corrects the Magistrate Judge's statement of the facts to reflect same.

## II.  Plaintiff's Objections

In her Objections Plaintiff reiterates the arguments contained in her Response to Defendant's Motion for Summary

3 - ORDER

Judgment and stated at oral argument.  This Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation.  The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Stewart's Findings and Recommendation (#58), **GRANTS** Defendant's Motion (#39) for Summary Judgment, and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 7th day of March, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge